**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVSION**

| | ) | |
|---|---|---|
| **In re N. Dean & Helene Adams,** | ) | Case Number 09-26504 |
| | ) | Chapter 7 |
| **Debtors.** | ) | Honorable Judge Cassling |
| | ) | |

### NOTICE OF MOTION

To:   See attached Certificate of Service

   PLEASE TAKE NOTICE THAT on Friday, January 15, 2016, at 10:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald Cassling of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomsoever may be sitting in his place at the Kane County Courthouse, 100 S. Third Street, Geneva, Illinois, Room 240, and there present the attached Motion to Enforce Settlement. A copy of the motion is attached to this notice.

Dated: January 7, 2016                                   Respectfully submitted,


                                    *Charles G. Wentworth*
                                    Charles G. Wentworth (ARDC 6284238)
                                    The Law Office of Lofgren & Wentworth, P.C.
                                    536 Crescent Blvd. Suite 200
                                    Glen Ellyn, IL 60137
                                    Tel. 630-469-7100
                                    Fax. 630-469-7108
                                    cwentworth@elrlaw.com

                                    *Counsel for Debtors Dean & Helene Adams*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re N. Dean & Helene Adams, | ) | Case Number 09-26504 |
| | ) | Chapter 7 |
| Debtors. | ) | Honorable Judge Cassling |
| | ) | |

## MOTION TO ENFORCE SETTLEMENT

Now come debtors N. Dean Adams and Helen Adams (together, "Adams"), with their motion to enforce a settlement against Derek Roy, Rokkin R, LLC, and Adams Financial Services, Inc., and state:

### Background

1. In July 2009, the Adams filed for bankruptcy, initiating this case.

2. In the course of the bankruptcy, the Trustee initiated adversary proceedings against Rokkin R LLC ("Rokkin") related to a various agreements entered into between Rokkin and the Adams.[1] (Case No. 10-ap-00330, Doc. No. 1.) When Rokkin did not answer the adversary complaint, the Trustee obtained a default judgment of $239,008.67 against Rokkin, and a copy of that order is attached here as Exhibit A. (Ex. A, Order of Default.)

3. Rokkin and the Trustee subsequently negotiated a proposed settlement whereby Rokkin would make payments to the Trustee of $1,700 per month until the total of "$100,000 plus interest at 9% per annum" was repaid in lieu of execution of the default judgment. (Doc. No. 44-4, Ex. D at 2.)

4. The Adams objected to the proposed settlement on various grounds. (Doc. No. 52.) After briefing on the issue, the Trustee, the Adams, and Rokkin entered into a proposed

---

[1] Dean Adams had sold his interest in Adams Financial Software, Inc. to Rokkin, and the agreements were a stock purchase agreement and two other contracts entered into contemporaneous with it.

Master Settlement Agreement ("MSA")[2] along with two other parties—Adams Financial Software, Inc. ("AFS"), and Derek Roy. (Doc. No. 61-4, MSA ¶¶ 16-17.) A copy of the MSA, without its exhibits, is attached here as Exhibit B.

5.  Under the proposed MSA, the Adams were to make an initial lump-sum payment of $10,000 followed by monthly installment payments by AFS of $1,698.34. (Ex. B, MSA ¶ 17.) In the event that AFS failed to make the required payments, the Trustee was required to give the Adams, Rokkin, AFS, and Roy notice of the default and 15 days to cure. (Ex. B, MSA ¶ 6.) Should no cure be made, the Trustee would "be entitled to pursue against any of the [AFS, Rokkin, and Roy] the entire default judgment sum entered against Rokkin of $239,008.67, plus statutory interest at 9% per annum." (*Id.*)

6.  Additionally, AFS, Rokkin, and Roy signed an Individual Personal Guaranty whereby they each individually guaranteed "the payment of the [default] Judgment amount of $239,008.67 entered by the Court against Rokkin R LLC, on May 7, 2010, plus interest of 9% per annum from the date of the entry of Judgment on that amount," less any payments already made pursuant to the MSA as of the time of default. (Doc. No. 61-4 at 13, Individual Personal Guaranty, 2d paragraph.) The Individual Personal Guaranty is attached here as Exhibit C.

7.  Finally, as part of the MSA, each of the parties "submit[ted] to the jurisdiction of the Court, and waive[d] any claims to [lack of] personal jurisdiction or venue for the purpose of enforcing" the MSA. (Ex. B, MSA ¶ 19.)

8.  The Court approved the proposed MSA on April 22, 2011, and a copy of that order is attached here as Exhibit D. (Doc. No. 63.) In that order, the Court expressly "retain[ed]

---

[2] In addition to the MSA, AFS, Rokkin, and Roy also agreed to make certain payments to the Adams pursuant to a Note that was attached to the MSA as an exhibit. The Adams are not, however, seeking enforcement of the Note through this motion, and reserve the right to do so through a separate action should they choose to.

2

jurisdiction of the subject matter and of the parties in order to enforce the terms and provisions of the Master Settlement Agreement, including, but not limited to, resolution of any disputes arising under the [MSA]." (Ex. D, Order ¶ 2.)

9. On April 26, 2011, the Adams made their $10,000 payment and AFS made the monthly installment payments required of it through October 2012 (with the exception of September 2012), as demonstrated by the Trustee's final report, attached here as Exhibit E. (*See* Ex. E, Doc. No. 69, Trustee Report at 4-6.)

10. On December 5, 2012, the Trustee entered into an Assignment Agreement and General Release ("Assignment") with the Adams. A copy of the Assignment is attached to this motion as Exhibit F. Under the Assignment, the Trustee "[sold], assign[ed], transfer[red], and convey[ed] to the Adams, all of the [Adams' Bankruptcy] Estate's right, title, and interest in and to all of the amounts due to the Trustee pursuant to the Master Settlement Agreement." (Ex. F, Assignment ¶ 3.)

11. On December 10, 2012, the Trustee then filed her Final Report, which indicated that the Adams made their initial $10,000 payment, and that AFS made 17 payments totaling $28,871.78. (Ex. E, Trustee Report at 4-6.)

12. In December 2012, the Adams gave notice to Roy, both individually and as the agent of AFS and Rokkin, of the assignment of the MSA from the Trustee to the Adams. In doing so, they demanded that AFS (and Rokkin and Roy as guarantors) begin making payments under the MSA to the Adams.

13. Although AFS began making those payments in December 2012, the payments were only in the amount of $750 per month rather than the full $1,698.34 that AFS had previously been making to the Trustee. As a result, since December 2012, AFS has only made

3

payments to the Adams under the MSA in the amount of $25,500. These payments are set forth in Exhibit G (Table of Payments) and Exhibit H (Affidavit of Helene Adams).[3]

14.     AFS's last payment was in September 2015. (Ex. H, Helene Adams Aff. ¶ 7.)

15.     On November 5, 2015, and pursuant to paragraph 18 of the MSA, the Adams (through counsel) sent to AFS, Rokkin, and Roy a notice calling them in breach of the MSA. A copy of that notice, along with the green cards and an email response from Roy showing attempted and actual delivery on AFS, Rokkin, and Roy are attached here as Group Exhibit I.

## Argument

16.     This Court has jurisdiction to enforce the MSA. (Ex. D, Order ¶ 2.)

17.     AFS, Rokkin, and Roy's failures to pay the amounts due under the MSA mean that the Adams, as assignees of the MSA, are entitled to a judgment against AFS, Rokkin, and Roy in the amount of $239,008.67 ("Default Principal"), plus interest of 9% per annum since entry of the default judgment, less any payments already made pursuant to the MSA. (Ex. B, MSA ¶ 6; Ex. C, Individual Personal Guaranty, 2d paragraph.)

18.     AFS, Rokkin, and Roy have made some payments toward the amounts due under the MSA. (Ex. G, Table of Payments.) Post-judgment interest is "computed and charged only on the unsatisfied portion of the judgment as it exists from time to time." 735 ILCS 5/2-1303. In other words, interest begins running on the as of the date of judgment. *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 301, 626 N.E.2d 213, 223 (1993). When partial payments are made, however, those payments are first applied to interest, and then to principal. *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 864, 679 N.E.2d 774, 779 (5th Dist. 1997). That is, payments are applied to principal only after all interest is paid. *Id*.

---

[3] The affidavit mistakenly refers to the Table of Payments as Exhibit C to this motion, rather than Exhibit G.

4

19.     Here, the default judgment that forms the basis of the Default Principal was entered on May 7, 2010. (Ex. A, Order of Default.) The first payments made under the MSA occurred on April 26, 2011. (Ex. E, Trustee Report at 4.) On that day, there had accrued $21,152.27 in interest. (Ex. F, Table of Payments (interest due since May 7, 2010).) As such, no principal payments have ever been made toward the amount due. (Ex. G, Table of Payments.)

20.     As of the date of this motion, there remains due to the Adams as assignees of the MSA a principal amount of $239,008.67 and $59,374.96 of unpaid interest, for a total balance due of $298,383.63. (Ex. G, Table of Payments.) Additionally, interest on the principal continues to accrue at the rate of $59.75 per day.

<p align="center">*&lt;Prayer for relief to follow.&gt;*</p>

WHEREFORE, debtors N. Dean and Helene Adams request that this Court enter an order:

a. Finding Derek Roy, Rokkin R LLC, and Adams Financial Software, Inc. in default of the Master Settlement Agreement they entered into with the Adams' bankruptcy Trustee;

b. Finding that the Adams are the assignees of the rights of the Trustee in the MSA;

c. That the Adams, as assignees of the Trustee's rights in the MSA, are entitled to a judgment in their favor and against Roy, Rokkin, and AFS in the principal amount of $239,008.67 and unpaid interest of $59,374.96, for a total balance due of $298,383.63; and

d. Any other just and equitable rulings they Court may see fit to enter in the Adams' favor.

Dated: January 7, 2016               Respectfully submitted,

                                     *Charles G. Wentworth*
                                     Charles G. Wentworth (ARDC 6284238)
                                     The Law Office of Lofgren & Wentworth, P.C.
                                     536 Crescent Blvd. Suite 200
                                     Glen Ellyn, IL 60137
                                     Tel. 630-469-7100
                                     Fax. 630-469-7108
                                     cwentworth@elrlaw.com

                                     *Counsel for N. Dean and Helene Adams*